IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00361-GPG

ANDREA R. THOMPSON,

      Plaintiff,

v.

BOULDER COUNTY HOUSING AUTHORITY,
FRANK ALEXANDER,
WILLA WILLIFORD,
AMANDA GUTHRIE,
CHERYL SEARS,
KRISTINA GONZALEZ,

      Defendants.

---

## ORDER DENYING MOTION

---

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction ("TRO motion") (ECF No. 3) filed *pro se* on February 12, 2016.   In Plaintiff's Complaint (ECF No. 1), which was filed the same day as the TRO Motion, Ms. Thompson alleges that her constitutional rights were violated because when she refused to sign a Repayment Agreement (which she claims contained a miscalculation of her rent) and filed a complaint with HUD, the Defendants retaliated against her.   According to Plaintiff, Defendants retaliated against her by conducting an investigation to prove that another individual was a resident in her home in order to terminate her Section 8 voucher.   As a result, she alleges that her Section 8 voucher will be terminated as of February 29, 2016 and she will suffer irreparable harm if preliminary

1

injunctive relief is not granted.

The Court must construe the TRO motion liberally because Ms. Thompson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the TRO motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Plaintiff is not entitled to issuance of a temporary restraining order.   Plaintiff does not indicate that she has made any attempts to give notice to defendants regarding this TRO motion or why such notice should not be required.

Further, injunctive relief is considered an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal right" in order to have a request granted. *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250 (10th Cir. 2003).

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that she will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may

cause the opposing party, and that the injunction, if issued, would not be adverse to the

public interest.   *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).   In an attempt

to demonstrate irreparable harm, the TRO Motions states:

> Application of this "Ordinance" will imminently and irreparably harm the Plaintiff not only by depriving her of her fundamental rights under the 1st and 14th Amendments of the Constitution of the United States of America but will substantive due process [sic], but also by subjecting the Defendant and her minor children to loss of liberty of irreparable harm [sic], so too would be the Defendant and her minor children's' [sic] loss of their liberties the source of their livelihood.
>
> . . .
>
> Only an order from this Court will forestall the immediate, irreparable, and irreversible harm posed to the Plaintiff's and her children's "Civil Rights" and "Liberties" and to remain free from unreasonable interference by the State.
>
> Even one week without such an order will subject the Defendant and her children to irreparable harm which will never ever recover.

(ECF No. 3 at 2).   These conclusory allegations fail to demonstrate irreparable harm.

Likewise, the TRO motion fails to satisfy the other requirements necessary for a

preliminary injunction.   As a result, Ms. Thompson fails to demonstrate a clear and

unequivocal right to have her TRO motion granted.

Therefore, Plaintiff's TRO motion will be denied.   Accordingly, it is

ORDERED that Plaintiff's Motion for a Temporary Restraining Order and/or

Preliminary Injunction (ECF No. 3) is denied.

DATED at Denver, Colorado, this __17th__ day of __February__, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4