IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00361-GPG

ANDREA R. THOMPSON,

    Plaintiff,

v.

BOULDER COUNTY HOUSING AUTHORITY,
FRANK ALEXANDER,
WILLA WILLIFORD,
AMANDA GUTHRIE,
CHERYL SEARS,
KRISTINA GONZALEZ,

    Defendants.

## ORDER DENYING MOTION

This matter is before the Court on Plaintiff's Revised Motion for a Temporary Restraining Order and/or Preliminary Injunction ("Revised TRO motion") (ECF No. 7) filed *pro se* on February 22, 2016.  In Plaintiff's Complaint (ECF No. 1), which was filed on February 12, 2016, Ms. Thompson alleges that her constitutional rights were violated because when she refused to sign a Repayment Agreement (which she claims contained a miscalculation of her rent) and filed a complaint with HUD, the Defendants retaliated against her.  According to Plaintiff, Defendants retaliated against her by conducting an investigation to prove that another individual was a resident in her home in order to terminate her Section 8 voucher.  As a result, she alleges that her Section 8 voucher will be terminated as of February 29, 2016 and she will suffer irreparable harm if preliminary

injunctive relief is not granted.

The Court must construe the Revised TRO motion liberally because Ms. Thompson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Revised TRO motion will be denied.

Ms. Thompson first filed an initial TRO motion on February 12, 2016. (ECF No. 3). The Court denied the initial TRO motion on February 17, 2016 because Plaintiff had not satisfied the procedural requirements of certifying in writing any efforts made to give notice of the TRO Motion to the opposing party and the reasons why it should not be required.   (ECF No. 6 at 2 (citing Fed. R. Civ. P. 65(b)(1)(B))).   Additionally, the Court concluded Plaintiff was not entitled to issuance of a temporary restraining order because she had not demonstrated a "clear and unequivocal right" in order to have the request granted.   *See id.*

Like her initial TRO motion, Ms. Thompson's revised TRO motion fails to demonstrate a clear and unequivocal right to have her TRO motion granted.   Again, she fails to allege that she has made any effort to give notice to the opposing party about the Revised TRO motion or the reasons why such notice should not be required.   *See* Fed. R. Civ. P. 65(b)(1)(B).   Additionally, she has failed to demonstrate the requirements for issuing a preliminary injunction: (1) a substantial likelihood of prevailing on the merits; (2) that she will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing

party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).   Plaintiff's Revised TRO motion contains conclusory allegations but fails to adequately demonstrate these requirements for a TRO.   For example, in arguing that she has a substantial likelihood of prevailing on the merits, the Revised TRO Motion states:

> The Plaintiff has established that she is likely to succeed on the merits due to the electronic documents she is in possession of and the voice files from her voice mail which establishes that BCHA and its counsel have no regard for the filing of the 42 USC § 1983.

(ECF No. 7 at 2).   The Revised TRO further states the Defendants are attempting to terminate her Section 8 voucher because they allege that an unauthorized person, Michael Trendel is living in her residence.   She argues that she receives some mail for Mr. Trendel because she has a Power of Attorney for him but that he does not live at her residence.   Assuming that Ms. Thompson is being truthful about Mr. Trendel, this information does not demonstrate that she has a substantial likelihood of prevailing on constitutional claims against the Defendants.   Thus, Plaintiff's allegations fail to demonstrate that she has a substantial likelihood of prevailing on her constitutional claims.

Therefore, Plaintiff's TRO motion will be denied.   Accordingly, it is

ORDERED that Plaintiff's Revised Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 7) is denied.

DATED at Denver, Colorado, this  26th  day of    February         , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court