IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00361-GPG

ANDREA R. THOMPSON,

    Plaintiff,

v.

BOULDER COUNTY HOUSING AUTHORITY,
FRANK ALEXANDER,
WILLA WILLIFORD,
AMANDA GUTHRIE,
CHERYL SEARS,
KRISTINA GONZALEZ,

    Defendants.

ORDER TO AMEND

Plaintiff, Andrea R. Thompson, a resident of Longmont, Colorado, filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) (ECF No. 2). She has been granted leave to proceed *in forma pauperis.* (ECF No. 5). Plaintiff also filed two Motions for Temporary Restraining Orders and/or Preliminary Injunctions (ECF No. 3 and 7), which were both denied by the Court (ECF No. 6 and 8). Most recently, on February 26, 2016, Plaintiff filed a "Motion for Amended Complaint." (ECF No. 9).

The Court must construe the documents submitted by Ms. Thompson liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court

should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   For the reasons stated below, Ms. Thompson will be ordered to file an Amended Complaint.

Ms. Thompson's claims are based on the fact that the Boulder County Housing Authority ("BCHA") has threatened to terminate her Section 8 housing voucher.   A description of the Section 8 housing voucher program follows:

> The Section 8 Housing Choice Voucher Program provides rental assistance to low-income families to enable them to participate in the private rental market. This program is administered by [the Department of Housing and Urban Development ("HUD")]. 42 U.S.C. § 1437f(o); 24 C.F.R. pt. 982. Although funded by the federal government, it is generally administered by state or local government entities known as public housing agencies (PHAs). 24 C.F.R. § 982.1(a). A PHA must comply with HUD regulations and other HUD requirements for the program. 24 C.F.R. § 982.52(a). Federal regulations require PHAs to adopt written administrative plans that establish local policies for administration of the program in accordance with HUD requirements. 24 C.F.R. § 982.54.
>
> [The BCHA] is the local PHA that administers the Section 8 program for [Boulder County, Colorado].
>
> Eligibility for the Section 8 housing voucher is determined by income. 24 C.F.R. § 982.201. Qualified participants pay a percentage of their income toward rent and utilities and receive subsidies for the balance of the rental payment. 42 U.S.C. § 1437f. . . .   The subsidized portion of the rent is paid by the PHA to the rental property owner (the "person...with the legal right to lease...a unit to a participant" under the program, 24 C.F.R. § 982.4) pursuant to [a Housing Assistance Payment ("HAP")] contract. Once a PHA determines that a participant is eligible and that there is available space in the program, the PHA issues the participant a voucher and the participant can search for housing. 24 C.F.R. §§ 982.202, 982.302.
>
> If a property owner agrees to lease a unit to a tenant under the program, he must enter into an HAP contract with the PHA.

> The HAP contract is prescribed by HUD and specifies the maximum monthly rent an owner may charge. 42 U.S.C. § 1437f(c)(1). Before the PHA enters into an HAP contract, the PHA must determine that the cost of the unit is reasonable and meets HUD's prescribed housing quality standards (HQS). 42 U.S.C. § 1437f(o)(8); 24 C.F.R. § 982.305(a); 24 C.F.R. § 982.401. The HAP contract provides that it "shall be interpreted and implemented in accordance with HUD requirements, including the HUD program regulations at 24 Code of Federal Regulations Part 982." HUD-52641, Part B (3/2000), ¶ 16(b). The Section 8 participant enters into a separate lease with the owner that must meet certain requirements pursuant to 42 U.S.C. § 1437f(o)(7). For example, the lease must include the required tenancy addendum. 24 C.F.R. § 982.305(a). The housing must also be inspected annually to ensure that it continues to meet the HQS. 42 U.S.C. § 1437f(o)(8)(B)-(D). Tenants must also re-certify family income and composition annually to continue in the program. 24 C.F.R. § 982.516.

See *Khan v. Bland*, 630 F.3d 519, 523-24 (7th Cir. 2010).

Although not a model of clarity, construing the allegations liberally, Plaintiff alleges that her constitutional rights were violated because when she refused to sign a Repayment Agreement (which she claims contained a miscalculation of her rent) and filed a complaint with HUD, the Defendants retaliated against her. According to Plaintiff, Defendants retaliated against her by conducting an investigation to prove that another individual, Michael Lee Trendel, was a resident in her home in order to terminate her Section 8 voucher. As a result, she alleges that her Section 8 voucher will be terminated as of February 29, 2016. In her Motion for Amended Complaint, she provides the following additional facts and claims: she has a medical disability and the Defendants are violating the ADA; Defendants' counsel is continuing with a hearing to terminate her Section 8 voucher even though this lawsuit is pending; and that the Defendants are trying

3

to use a document in the Section 8 voucher termination hearing that directly references her religion.

    First, Plaintiff's allegation that Defendants are using a document that references her religion does not state a constitutional violation.   She does not assert that the Defendants are basing a decision for housing on her religion.   In fact, the document that references her religion, which she attached to her Motion for Amended Complaint (ECF No. 9 at 23), contains relevant information that is not related to her religion.   The document, which appears to be a personal profile on a religious social media site, states that "Michael and Andrea Trendel" are married and live in Longmont, Colorado and it includes a picture of two people, presumably Michael and Andrea.   At the Section 8 voucher termination hearing, the document would be relevant evidence for Defendants attempting to establish that Michael Trendel lives at Plaintiff's Longmont, Colorado residence.   As such, Plaintiff's allegation regarding the document referencing her religion does not state a constitutional claim.

    Next, Plaintiff's allegation that she has a disability and that Defendants violated the ADA is vague and conclusory.   Title II of the ADA provides that"[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (2006).   To state a claim under Title II, the plaintiff must allege that "(1) [s]he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or

discrimination was by reason of a disability." *Robertson v. Las Animas Cnty. Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir. 2007).   Plaintiff alleges she is a qualified individual with a disability and that she will be excluded from the Section 8 housing voucher program, but she makes no allegation that such exclusion was "by reason of a disability." In fact, she argues that she is being excluded from the Section 8 housing voucher program for another reason --- in retaliation for her filing a claim with HUD.

Which bring us to Plaintiff's final allegation that she was retaliated against after she refused to sign a Repayment Agreement and filed a complaint seeking redress from a government oversite agency (HUD) in violation of her First and Fourteenth Amendment constitutional rights.   To state a retaliation claim, Ms. Thompson must allege facts to show that (1) she was engaged in constitutionally protected activity, (2) the Defendants' action caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and, (3) the Defendants' adverse actions were substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic,* 582 F.3d 1155, 1165 (10th Cir. 2009); *Allen v. Avance*, No. 11-6102, 491 F. Appx 1, 6 (10th Cir. July 10, 2012).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which [s]he refers ... would not have taken place."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).   That is, "it is imperative that [P]laintiff's pleading be factual and not conclusory.   Mere allegations of constitutional retaliation will not suffice; [P]laintiff[ ] must, rather, allege specific facts showing retaliation because of the exercise of ... constitutional rights."  *Frazier v. Dubois*,

922 F.2d 560, 562 n.1 (10th Cir. 1990); *accord Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Further, Plaintiff must also assert personal participation by the named defendants in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   With respect to supervisory officials, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Furthermore,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).   Therefore, in order to succeed in a § 1983 or *Bivens* suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the

complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

The Complaint fails to allege that all of the named defendants personally participated in the alleged retaliation against Ms. Thompson. For example, the allegations against Kristina Gonzalez state that she was an Investigator for the Boulder County Housing and Human Services Department and that she was directed to conduct an investigation as to whether Michael Lee Trendel was residing in Plaintiff's home. These allegations fail to allege that Ms. Gonzalez's conduct amounted to a constitutional violation. In fact, the allegations appear to simply demonstrate that Ms. Gonzalez was doing her job: she was directed to conduct an investigation and she did so. There is no allegation that Ms. Gonzalez personally decided to conduct the investigation in retaliation for Ms. Thompson filing a complaint with HUD. Further, Willa Williford and Frank Alexander are named as Defendants but there are no allegations made against them in the Complaint or in the Motion for Amended Complaint.

Therefore, Plaintiff will be ordered to file an amended complaint. Plaintiff should clearly identify the Defendants and the § 1983 claims asserted, and name as Defendants only those persons she contends actually violated her federal constitutional rights. Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an Amended Complaint that complies with the directives in this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and use that form to file her Amended Complaint.   It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within the time allowed, this action may be dismissed without further notice.   It is

FURTHER ORDERED that Plaintiff's Motion for Amended Complaint (ECF No. 9) is denied as moot.

DATED March 4, 2016, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge