IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00361-GPG

ANDREA R. THOMPSON,

Plaintiff,

v.

BOULDER COUNTY HOUSING AUTHORITY,
FRANK ALEXANDER,
WILLA WILLIFORD,
AMANDA GUTHRIE,
CHERYL SEARS,
KRISTINA GONZALEZ,

Defendants.

---

ORDER DENYING MOTION

---

This matter is before the Court on Plaintiff's Second Revised Motion for a Temporary Restraining Order and/or Preliminary Injunction ("Second Revised TRO motion") (ECF No. 11) filed *pro se* on March 14, 2016. In Plaintiff's Complaint (ECF No. 1), which was filed on February 12, 2016, Ms. Thompson alleges that her constitutional rights were violated because when she refused to sign a Repayment Agreement (which she claims contained a miscalculation of her rent) and filed a complaint with HUD, the Defendants retaliated against her. According to Plaintiff, Defendants retaliated against her by conducting an investigation to prove that another individual was a resident in her home in order to terminate her Section 8 voucher. At the time she filed her complaint, she alleged that her Section 8 voucher would be terminated as of February 29, 2016, and

as of the date she filed her Second Revised TRO motion, her voucher has been terminated.

The Court must construe the Second Revised TRO motion liberally because Ms. Thompson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Second Revised TRO motion will be denied.

Ms. Thompson filed her first motion for a TRO on February 12, 2016 (ECF No. 3), which was denied by the Court on February 17, 2016 (ECF No. 6). She filed a Revised TRO Motion on February 22, 2016 (ECF No. 7), which was denied by the Court on February 26, 2016 (ECF No. 8).

The Court denied Ms. Thompson's initial TRO motion because she had not satisfied the procedural requirements of certifying in writing any efforts made to give notice of the TRO Motion to the opposing party and the reasons why it should not be required. (ECF No. 6 at 2 (citing Fed. R. Civ. P. 65(b)(1)(B))). Additionally, the Court concluded Plaintiff was not entitled to issuance of a temporary restraining order because she had not demonstrated a "clear and unequivocal right" in order to have the request granted. *See id.*

Similarly, the Court denied her Revised TRO motion because she again failed to allege that she had made any effort to give notice to the opposing party about the Revised TRO motion or the reasons why such notice should not be required. (ECF No. 8 at 2

(citing Fed. R. Civ. P. 65(b)(1)(B))). Further, she failed to demonstrate a clear and unequivocal right to have her Revised TRO motion granted. (*Id.*)

The Second Revised TRO Motion will be denied for the same reasons included in the Court's February 17, 2016 and February 26, 2016 Orders. Plaintiff again fails to meet the requirements of Fed. R. Civ. P. 65(b)(1)(B) as she did not certify in writing any efforts made to give notice of the Second Revised TRO Motion to the opposing party or the reasons why it should not be required.

Further, she has again failed to demonstrate a clear and unequivocal right to have her Second Revised TRO motion granted. The only circumstances that have changed between the previous TRO motions and the current motion is that there was an informal hearing regarding the termination of Ms. Thompson's Section 8 voucher and Ms. Thompson has now lost her Section 8 voucher. As a result, instead of requesting the Court to temporarily restrain defendants from terminating her voucher, she is now requesting the Court to order defendants to return her Section 8 voucher. In her Second Revised TRO, she argues that when the BCHA used certain records at the informal termination hearing, such as educational records, police reports, social security administration records, and a document referencing her religion, her constitutional rights were violated. She is also upset that the BCHA continued with an informal hearing even though she initiated this action in federal court. None of these arguments affect her right to a temporary restraining order.

Similar to her previous TRO motions, Plaintiff has not demonstrated the requirements for issuing a temporary restraining order. The requirements for issuing a

preliminary injunction are: (1) a substantial likelihood of prevailing on the merits; (2) that she will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). In her Second Revised TRO Motion, Plaintiff makes numerous arguments about irreparable injury but makes no attempt to demonstrate that she has a substantial likelihood of prevailing on the merits.

Therefore, Plaintiff's Second Revised TRO motion will be denied.

Accordingly, it is

ORDERED that Plaintiff's Second Revised Motion for a Temporary Restraining Order and/or Preliminary Injunction (ECF No. 11) is denied.

DATED at Denver, Colorado, this 18th day of March, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court