IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00361-GPG

ANDREA R. THOMPSON,

      Plaintiff,

v.

BOULDER COUNTY HOUSING AUTHORITY,
FRANK ALEXANDER,
WILLA WILLIFORD,
AMANDA GUTHRIE,
CHERYL SEARS,
KRISTINA GONZALEZ,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

On February 12, 2016, Plaintiff, Andrea R. Thompson, a resident of Longmont, Colorado, filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) (ECF No. 2). She has been granted leave to proceed *in forma pauperis.* (ECF No. 5). Plaintiff also filed three Motions for Temporary Restraining Orders and/or Preliminary Injunctions (ECF Nos. 3, 7 and 11), which were all denied by the Court (ECF Nos. 6, 8 and 12). Ms. Thompson also filed a "Motion for Amended Complaint" on February 26, 2016. (ECF No. 9).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), Magistrate Judge Gallagher reviewed the Complaint and "Motion for Amended Complaint" and determined that they were deficient. On March 4, 2016, Magistrate Judge Gallagher

1

ordered Ms. Thompson to file an Amended Complaint. (ECF No. 10).   Specifically, Ms.

Thompson was directed that her Amended Complaint should clearly identify the

Defendants and the § 1983 claims asserted against them and she should name as

Defendants only those persons that personally participated in the constitutional

violations.   Ms. Thompson was warned that if she failed to amend her complaint within

the time allowed, the action may be dismissed without further notice.

Ms. Thompson has failed to file an Amended Complaint as directed within the time

allowed.   Therefore, the Court will proceed to review her original Complaint.

The Court must construe the Complaint liberally because Ms. Thompson is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   For the reasons discussed

below, this action will be dismissed, in part, and the remainder drawn to a presiding judge.

## I.     The Complaint

Ms. Thompson's claims are based on the fact that the Boulder County Housing

Authority ("BCHA") and its employees threatened to, and ultimately did, terminate her

Section 8 housing voucher.   A description of the Section 8 housing voucher program

follows:

> The Section 8 Housing Choice Voucher Program provides
> rental assistance to low-income families to enable them to
> participate in the private rental market. This program is
> administered by [the Department of Housing and Urban
> Development ("HUD")]. 42 U.S.C. § 1437f(o); 24 C.F.R. pt.
> 982. Although funded by the federal government, it is
> generally administered by state or local government entities
> known as public housing agencies (PHAs). 24 C.F.R.

§ 982.1(a). A PHA must comply with HUD regulations and other HUD requirements for the program. 24 C.F.R. § 982.52(a). Federal regulations require PHAs to adopt written administrative plans that establish local policies for administration of the program in accordance with HUD requirements. 24 C.F.R. § 982.54.

[The BCHA] is the local PHA that administers the Section 8 program for [Boulder County, Colorado].

Eligibility for the Section 8 housing voucher is determined by income. 24 C.F.R. § 982.201. Qualified participants pay a percentage of their income toward rent and utilities and receive subsidies for the balance of the rental payment. 42 U.S.C. § 1437f. . . .   The subsidized portion of the rent is paid by the PHA to the rental property owner (the "person...with the legal right to lease...a unit to a participant" under the program, 24 C.F.R. § 982.4) pursuant to [a Housing Assistance Payment ("HAP")] contract. Once a PHA determines that a participant is eligible and that there is available space in the program, the PHA issues the participant a voucher and the participant can search for housing. 24 C.F.R. §§ 982.202, 982.302.

If a property owner agrees to lease a unit to a tenant under the program, he must enter into an HAP contract with the PHA. The HAP contract is prescribed by HUD and specifies the maximum monthly rent an owner may charge. 42 U.S.C. § 1437f(c)(1). Before the PHA enters into an HAP contract, the PHA must determine that the cost of the unit is reasonable and meets HUD's prescribed housing quality standards (HQS). 42 U.S.C. § 1437f(o)(8); 24 C.F.R. § 982.305(a); 24 C.F.R. § 982.401. The HAP contract provides that it "shall be interpreted and implemented in accordance with HUD requirements, including the HUD program regulations at 24 Code of Federal Regulations Part 982." HUD-52641, Part B (3/2000), ¶ 16(b). The Section 8 participant enters into a separate lease with the owner that must meet certain requirements pursuant to 42 U.S.C. § 1437f(o)(7). For example, the lease must include the required tenancy addendum. 24 C.F.R. § 982.305(a). The housing must also be inspected annually to ensure that it continues to meet the HQS. 42 U.S.C. § 1437f(o)(8)(B)-(D). Tenants must also re-certify family income and composition annually to continue

in the program. 24 C.F.R. § 982.516.

*Khan v. Bland*, 630 F.3d 519, 523-24 (7th Cir. 2010).

Although not a model of clarity, construing the allegations liberally, Plaintiff alleges that employees of BCHA wanted her to sign a Repayment Agreement, which was apparently calculated by Defendant Cheryl Sears.    Plaintiff argues that the Repayment Agreement contained a miscalculation of her rent.    When she contacted Defendant Amanda Guthrie on December 11, 2015, to discuss the Repayment Agreement, Ms. Guthrie allegedly told Plaintiff: "It is in your best interest to sign the Repayment Agreement to show good standing or, I will do everything to violate your housing voucher and investigate Michael Lee Trendel residing there." (ECF No. 1 at 3).    After this conversation with Ms. Guthrie, Plaintiff filed a complaint with HUD.

Then, sometime before December 28, 2015, Amanda Guthrie or another BCHA employee directed Kristina Gonzales, an investigator for BCHA to conduct an investigation to prove Michael Lee Trendel was residing at Plaintiff's home.    As a result of the investigation, Plaintiff received a letter, signed by Cheryl Sears, stating that her Section 8 voucher was being terminated as of February 29, 2016.    Apparently, from information filed in one of Plaintiff's motions for temporary restraining order, her Section 8 voucher was ultimately terminated.    In her Motion for Amended Complaint, which was denied as moot on March 4, 2016 (ECF No. 10 at 8), Plaintiff provided the following additional facts and potential claims: she has a medical disability and the Defendants violated the ADA; Defendants' counsel is continuing with a hearing to terminate her Section 8 voucher even though this lawsuit is pending; and the Defendants are trying to

use a document in the Section 8 voucher termination hearing that directly references her religion.

## II.    Analysis

As discussed in the Court's March 4, 2016 Order to Amend, Ms. Thompson fails to adequately allege claims based on the Defendants using a document referencing her religion or based on the ADA.   She fails to allege that any decisions made or actions taken by the Defendants were based on her religion or disability.   Therefore, any allegations that could be liberally construed to assert such claims will be dismissed.

Further, Ms. Thompson fails to allege personal participation in a constitutional violation against Frank Alexander, Willa Williford, Cheryl Sears, or Kristina Gonzalez. Defendants Frank Alexander and Willa Williford are never mentioned in the text of the complaint.   Although those defendants might be supervisors at BCHA, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Therefore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S.
at 677).   Because the Complaint fails to adequately allege any claims against
Defendants Alexander and Williford, they will be dismissed from this action.

Additionally, as discussed in the Court's March 4, 2016 Order, the allegation that
Defendant Kristina Gonzalez conducted an investigation into whether another individual
was residing at Plaintiff's house fails to state a constitutional violation.   There were no
allegations that Defendant Gonzalez initiated the investigation or had knowledge that the
investigation was being done for retaliatory purposes.   In fact, the specific allegations are
that someone else at BCHA directed Defendant Gonzalez to conduct an investigation and
that she did so.   Such allegations only prove that Defendant Gonzalez was doing her job.
Likewise, the allegations against Defendant Cheryl Sears are that she made a mistake in
calculating Ms. Thompson's rent, that she signed a Repayment Agreement that included
a miscalculation, and that she signed a letter informing Ms. Thompson that her Section 8
voucher was going to be terminated.   None of these allegations amount to a
constitutional violation.   Therefore, Defendants Gonzalez and Sears will be dismissed
from this action as well.

Finally, the State of Colorado and its entities, such as the State of Colorado
Boulder County Housing Authority are protected by Eleventh Amendment immunity.
*See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841
F.2d 1512, 1525-26 (10th Cir. 1988).   "It is well established that absent an unmistakable
waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation
of such immunity by Congress, the amendment provides absolute immunity from suit in

federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).   The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Thus, the BCHA is also dismissed as a Defendant in this action.

The Court will not address the retaliation claim against Defendant Amanda Guthrie at this time.   That claim will be drawn to a presiding judge and, if applicable, a magistrate judge.

Accordingly, it is

ORDERED that Defendants Boulder County Housing Authority, Frank Alexander, Willa Williford, Cheryl Sears, and Kristina Gonzalez are dismissed from this action.   It is

FURTHER ORDERED that the § 1983 claim against Defendant Amanda Guthrie based on retaliation shall be drawn to a presiding judge and, if appropriate, to a magistrate judge.

DATED at Denver, Colorado, this   13th   day of   April  , 2016.

BY THE COURT:

 s/Lewis T. Babcock                       
LEWIS T. BABCOCK, Senior Judge
United States District Court